# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**JOHN JOSEPH MANIBUSAN aka UJ.J.<br>aka Kadi**,<br><br>Defendant. | CRIMINAL CASE NO. **CF0390-23**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on October 30, 2024, for hearing on Defendant **JOHN JOSEPH MANIBUSAN aka UJ.J. aka Kadi's** ("Defendant") Motion to Sever Charges. Present were Assistant Attorney General Kathleen O'Neil on behalf of the People of Guam and Defendant with counsel, R. Marsil Johnson. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with (1) Burglary (As a Second Degree Felony); (2) Burglary to a Motor Vehicle (As a Second Degree Felony); (3) Criminal Mischief (As a Third Degree Felony); and (4) Theft (As a Petty Misdemeanor). (Indictment, Jun. 9, 2023). The First Charge of Burglary (As a Second Degree Felony) stems from allegations occurring on or about December 8, 2020 against *Isla Vet Clinic. Id.* The Second Charge of Burglary to a Motor Vehicle (As a Second Degree Felony), Third Charge of Criminal Mischief (As a Third Degree Felony), and Fourth

Charge of Theft (As a Petty Misdemeanor), stem from allegations occurring on or about November 4, 2020 against *Shirley Antolin. Id.*

On October 2, 2024, Defendant filed the instant Motion, moving the Court to sever the First Charge from the Second, Third, and Fourth Charges. Defendant moves the Court to sever the December 8, 2020 charge from the November 4, 2020 charges because they are improperly joined and he will be prejudiced by their joinder at trial.[1] *See generally,* Mot. Sever, Oct. 2, 2024. On October 14, 2024, the Government filed its Opposition, arguing that the charges are properly joined and that even if they were severed, evidence of the charges would be admissible in each trial under GRE 404(b). *See generally,* Opp'n, Oct. 14, 2024. On October 16, 2024, Defendant filed his Reply.

On October 30, 2024, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

Under Guam law, two or more offenses may be charged in the same indictment "if the offenses charged are of the same or similar character or based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 G.C.A. § 55.35.[2] Severance may be appropriate, however:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

---

[1] The Court notes that while the Motion initially moves the Court to "sever the counts and charges and order separate trials for each separate charge and count of the Indictment," *see* Mot. Sever at 5, Defendant's Reply "requests the Court to sever the counts arising from the November 4, 2020 incident (Counts 2, 3, and 4) from the sole count arising from the December 8, 2020 incident (Count 1)." (Reply at 5).

[2] Section 55.35 is substantially the same as Rule 8 of the Federal Rules of Criminal Procedure, which provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8. Accordingly, federal law interpreting Rule 8 (and Rule 14) below is persuasive. *See Sumitomo Constr. Co. v. Zhang Ye, Inc.,* 1997 Guam 8 ¶ 7.

8 G.C.A. § 65.35.[3]

To determine whether offenses are properly joined, courts traditionally consider "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995) (citations omitted). "[T]he primary purpose of Rule 8(a) joinder is to ensure that a given transaction need only be proved once. . . . Where there is substantial overlap in evidence between two offenses, joinder eliminates the need to prove substantially the same evidence twice over, thus realizing precisely the kind of economy envisaged by Rule 8(a)." *Howerton v. United States*, 964 A.2d 1282, 1292 (D.C. 2009) (citations, internal quotation marks, and alterations omitted). *See also United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990) ("When . . . joined offenses are not connected and are not provable by the same evidence, joinder is improper."). Rule 8(a) is "construed broadly in favor of initial joinder." *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993) (citation omitted). *See also United States v. Boulanger*, 444 F.3d 76, 87 (1st Cir. 2006) (construing Rule 8(a) generously in favor of joinder).

In this case, the Government argues that the charges are properly joined because the "statutes relating to the different incidents are both theft related burglaries"; "Defendant targeted medical businesses for both burglaries" because "one incident occurred at a vet clinic and the other burglary occurred to a vehicle in the parking lot of Renal Care"; and the "crimes occurred about a month apart." (Opp'n at 1-2). Thus, the Government appears to be arguing that the

---

[3] Section 65.35 is substantially similar to Rule 14 of the Federal Rules of Criminal Procedure, which provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). Thus, even if offenses are properly joined, a court may grant severance of the offenses if the defendant is prejudiced by such joinder. "The prime consideration in determining whether or not to grant a severance is the possibility of prejudice to the defendant in conducting his defense. Weighing the danger of confusion and undue cumulative inference is a matter for the trial judge within his sound discretion." *Johnson v. United States*, 356 F.2d 680, 682 (8th Cir. 1966), *cert. denied*, 385 U.S. 857 (1966). "It is not enough simply to show that such joinder makes it more difficult to defend." *Id.* (citations omitted).

charges are properly joined because they are of the "same or similar character."[4]  Accordingly, the Court considers "factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims." *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007).  "The weight given to a particular factor will depend on the specific context of the case and the allegations in the indictment." *Id.*

In applying this inquiry, the Court finds that the First Charge is not of the "same or similar character" as the Second, Third, and Fourth Charges in the Indictment.  The Court acknowledges that the incidents alleged occurred roughly one month from each other.  This fact, however, does not mean it is likely that any evidence of the November 4, 2020 incident overlapped with the December 8, 2020 incident.[5]  The Court also acknowledges that both the December 8, 2020 and November 4, 2020 incident involve the charge of Burglary.  However, the December 8, 2020 charge of Burglary involves allegations that Defendant entered a clinic, whereas the November 4, 2020 charge of Burglary involves allegations that Defendant entered an individual's vehicle, to which he also damaged.  While both the December 8, 2020 and November 4, 2020 incidents occurred on Guam, the November 4, 2020 incident took place on NCS Road in Dededo between 12:00 p.m. and 6:00 p.m. while the December 8, 2020 incident took place in Asan around 12:30 a.m. *See* Reply at 3.  Further, the December 8, 2020 incident is alleged to have been carried out by Defendant and a co-actor, whereas the November 4, 2020 incident is alleged to have been

---

[4]  "Rule 8(a) provides for joinder of offenses against a single defendant in the indictment if one of three conditions is satisfied. The offenses charged must be: (1) "of the same or similar character;" (2) "based on the same act or transaction;" or (3) "connected with or constituting parts of a common scheme or plan." *United States v. Jawara*, 474 F.3d 565, 574 (9th Cir. 2007) (citing Fed. R. Crim. P. 8(a)). The Government has not set forth that the charges are "based on the same act or transaction" or part of a "common scheme or plan" as the commission of one of the offenses did not depend on or lead to the commission of the other. *See id.* at 574 (citation omitted).

[5]  The Court declines to address the issue of GRE 404(b) evidence at this time. *See* Opp'n at 3 ("[T]he People believe that the evidence mentioned above would be admissible under either the intent, knowledge, or absence of mistake purposes allowable under GRE Rule 404(b)."). Parties may further brief the issue should any of the charges proceed to trial.

carried out by Defendant alone.[6]  Accordingly, the Court finds that the First Charge is improperly joined with the Second, Third, and Fourth Charges and GRANTS Defendant's Motion to Sever Charges.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Sever Charges.  The First Charge of Burglary (As a Second Degree Felony) will be severed from the remaining charges for trial.  Parties shall return for a Status Hearing on November 7, 2024 at 9:00 a.m.

**IT IS SO ORDERED** this 6th day of November, 2024.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

R. Masil Johnson,
AG

Date: 11/6/24 Time: 12:26p

Antonio JCruz
Deputy Clerk, Superior Court of Guam

---

[6]  The Fifth Charge of the Indictment charges Co-Defendant Peter David Tedtaotao Ogo with Burglary (As a Second Degree Felony) against *Isla Vet Clinic* on or about December 8, 2020.  (Indictment, Jun. 9, 2023).  Co-Defendant Ogo is not charged with any other crimes in the Indictment. *See id.*

*People v. Manibusan*
Case No. CF0390-23
Decision and Order